## Commonwealth v. Wile.

*S. V. Hosterman*, District Attorney, for Commonwealth.
*Daniel B. Strickler*, for defendant.

ATLEE, J., Jan. 10, 1931.—1. The testimony in this case shows that, on or about Aug. 6, 1930, Caroline M. Beyer and her son, Raymond D. Beyer, had a Scotch collie dog, and that, on or about that date, the defendant, David M. Wile, who was a deputy fish warden, together with Constable Knosp, called at the Beyer home and removed the dog from said home, took it over to Con-

stable Knosp's cornfield, and there shot the dog. Mrs. Beyer testified that Wile told her that she would have to give him (Wile) the dog or the money for six chickens which Wile and Knosp alleged the dog had killed. Justice of the Peace Slack testified that both Knosp and Wile testified at the hearing before him that they took the dog into Knosp's cornfield and shot it. The justice of the peace imposed a fine of $10 and costs for violation of section 32 of the Act of May 11, 1921 [P. L. 522], known as the Dog Law. The dog was duly licensed under the Dog Law of Pennsylvania.

2. According to the testimony of David M. Wile, on Aug. 6, 1930, he was first notified by Constable Knosp, who told him that he (the constable) had a job for him, and took him in the constable's automobile to Beyer's, and there talked the matter over with Mrs. Beyer. Wile says he asked her about the killing of the chickens and whether she wanted to go before the squire or wanted to take it before the board at Harrisburg, and that she said she did not want to go to court nor before the board. Further, Wile testified that all he knew about the matter was that the dog had killed the chickens of a man named Ehrhart. Wile says he was deputized by the constable to go with him, and, as above shown, he also was a deputy fish warden.

3. Under section 32 of the Dog Law of May 11, 1921, P. L. 522, and section 15 of the Act of Assembly of May 6, 1927, P. L. 833, the Secretary of Agriculture of the Commonwealth may notify the owner or keeper of any dog or dogs, found to have caused loss or damage to any livestock or poultry, to immediately kill the said dog or dogs, and upon the failure of said owner or keeper to comply with the order within a period of ten days, any police officer of the township, town, borough or city in which said dog or dogs are kept, upon notice from the Secretary of Agriculture, shall kill such dog or dogs wherever found.

4. The present record does not affirmatively show that the requirements of these acts have been met. Under the above acts of assembly, the Secretary of Agriculture must notify the owner or keeper of the dog or dogs immediately to kill the same, and then, after the expiration of a period of ten days, any police officer of the proper municipal subdivision, upon notice from the Secretary of Agriculture, shall kill such dog or dogs.

5. The instant case shows that the defendant, David M. Wile, had no authority from the Secretary of Agriculture, nor had the Secretary of Agriculture given the owner the ten days' notice required by law. In fact, the record shows that Wile went ahead upon his own initiative. The Dog Law of the Commonwealth requires dogs to be licensed, and, when so licensed, such dogs are property.

6. Hence, we find that the dog was illegally killed, because, as above indicated, the defendant here had no authority to take the dog and to kill it.

7. Under section 23 of the Act of May 11, 1921, P. L. 522, it is unlawful for any person, except a police officer, to kill any dog which bears a license for the current year. In the instant case, the defendant, although deputized by the constable, had no legal authority to do what he did. We find him guilty of violating the above sections of the acts of assembly.

8. The penalty fixed by section 36 of the Act of May 11, 1921, P. L. 522, and section 3 of the Act of May 14, 1929, P. L. 1713, is a fine of not less than $5 nor more than $100 and costs of prosecution, or imprisonment for not exceeding thirty days, or both.

9. Therefore, under the facts as the court has found them, the defendant is adjudged guilty of violating the provisions of section 23 of the Act of May 11, 1921, P. L. 522, and is ordered to pay to the county treasurer a fine of $10

and to pay the costs of prosecution; said fine, when paid to the county treasurer, by him to be paid into the state treasury through the Department of Revenue.

From George Ross Eshleman, Lancaster, Pa.